**MANDATE**

20-4197-cv
*Crockrom v. Bank of America, N.A.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 27 2021

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

1:20-cv-00013-JPO

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          JOSÉ A. CABRANES,
          DENNY CHIN,
                    *Circuit Judges.*

---

DU'BOIS A. CROCKROM, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED,

        *Plaintiff-Appellant,*                    20-4197-cv

        v.

BANK OF AMERICA, N.A.,

        *Defendant-Appellee.*[*]

---

**FOR PLAINTIFF-APPELLANT:**   THOMAS K. LANDRY, Washington, D.C., Frank S. Hedin, Hedin Hall LLP, Miami, FL, and Bradley K. King, Ahdoot & Wolfson, PC, Burbank, CA.

---

[*] The Clerk of Court is directed to amend the caption as set forth above. Plaintiff-Appellant does not appeal the District Court dismissal of his claims against Bank of America Corporation for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Reply Br. at 9.

1

MANDATE ISSUED ON 12/27/2021

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES:** | ANGELA A. SMEDLEY (Linda T. Corberly, Kobi Kennedy Brinson, Ross J. Corbett, *on the brief*) Winston & Strawn LLP, New York, NY, Charlotte, NC, and Chicago, IL |

Appeal from an order and judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Du'Bois A. Crockrom ("Crockrom") appeals from a November 17, 2020 order and judgment of the District Court dismissing his complaint. In January 2020, Crockrom, on behalf of himself and all others similarly situated, sued Defendant Bank of America, National Association ("Bank") for breach of contract. Crockrom alleged that the Bank improperly charged overdraft fees on "nonrecurring" purchases in violation of the Bank's governing account documents, including a Deposit Agreement and Disclosures ("Deposit Agreement"), that promised only to assess such fees on "recurring" purchases. The Bank moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The District Court granted the motion, and Crockrom appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)." *Austin v. Town of Farmington*, 826 F.3d 622, 626 (2d Cir. 2016). In doing so, we "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Id.* at 625. However, "conclusory allegations are not entitled to the assumption of truth, and a complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### I.

The District Court granted the Bank's motion to dismiss on the basis of the notification requirement in a section in the Deposit Agreement titled "Reporting Problems." That section, in relevant part, told account holders: "if you fail to notify us in writing of suspected problems or unauthorized transactions within 60 days . . . you agree that[] you may not make a claim against us related to the unreported problems or unauthorized transactions . . . [and] you may not bring any

2

legal proceeding or action against us to recover any amount alleged to have been improperly paid out of your account." Joint App'x 58. The District Court noted that the Deposit Agreement's definition of "problems and unauthorized transactions" included "encoding errors made by you or us." *Id.* at 57. The District Court went on to reason that "[t]he overdraft fees were assessed based on [the Bank's] alleged coding of non-recurring transactions as recurring transactions" and therefore concluded "that Plaintiff's account statements included 'encoding errors made by . . . [the Bank],' one of the enumerated classes of 'problems' that Plaintiff was bound to report or be barred from raising after sixty days." *Id.* at 207.

We affirm, but on alternative grounds. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("This Court is free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)).

II.

The Bank argues that a similar but separate 60-day notification requirement, from a section of the Deposit Agreement titled "Electronic Banking Services," bars Crockrom's suit. That provision told account holders that they must notify the Bank within 60 days "if [they] think [their] statement . . . is wrong, or if [they] need more information about a transfer listed on the statement." Joint App'x 64. Account holders were told to "[d]escribe the error or the transfer [they] are unsure of," and the Bank promised it would "correct any error promptly." *Id.*

Crockrom's Starbucks purchases were classified by Starbucks as "recurring." This was an *error* (as the parties agree), and that error appeared on the face of Crockrom's statement. *See* Joint App'x 198 (Crockrom's account statement with the overdrafts labeled "recurring"). Furthermore, the section of the Deposit Agreement titled "Electronic Banking Services" refers specifically to "Debit Cards," and Regulation E explains that an electronic fund transfer "includes . . . [t]ransfers resulting from debit card transactions." Crockrom's debit card transactions and the resulting overdraft fees thus fall squarely under the "Electronic Banking Services" section and its 60-day notice requirement. The contract placed the burden on Crockrom to notify the Bank that he thought his statement was "wrong," he failed to do so, and as a result was charged the overdraft fees. The contract prevents him from shifting the burden of correctly classifying transactions as "recurring" or "nonrecurring" to the Bank through litigation. Under the contract and New York law, Crockrom's failure to notify the Bank bars his recovery in this suit. *See Catalano v. Marine Midland Bank*, 756 N.Y.S.2d 770 (2d Dep't 2003) (enforcing bank deposit account agreement notification requirement against account holder to bar the recovery of unauthorized withdrawals); *see also Benex LC v. First Data Merch. Servs. Corp.*, No. 14-CV-6393, 2016 WL 1069657, at *1 (E.D.N.Y. Mar. 16, 2016)

3

(applying New York law to enforce data processor's notification requirement against merchant to bar the recovery of "interchange fees").[1]

In opposition, Crockrom argues that the overdraft fees are not "transfers"—which he contends are transactions between account-holders and third parties—but are "fees," and that therefore this notification requirement does not apply. We do not read the Deposit Agreement to make such fine distinctions. The relevant sub-section of the "Electronic Banking Services" section is titled "In Case of Errors or Questions about Your Electronic Transfers" and speaks broadly about errors or problems reflected in an account holder's statement. Joint App'x 64 ("Call or write us at the telephone number or address below, as soon as you can, *if you think your statement or receipt is wrong*, or if you need more information about a transfer listed on the statement or receipt . . . . We must hear from you NO LATER than 60 days after we sent you the FIRST statement *on which the error or problem appeared*." (emphases added)). We find that this language is more than enough to obligate Crockrom to report not only problems with his electronic transfers, but also problems directly related to electronic transfers that are reflected in his statements. Here, the overdraft fees were imposed because of Crockrom's Starbucks transfers and appeared on the same statement reflecting those transfers. As a result, we find that the 60-day reporting requirement in the Electronic Banking Services section applies, and that under that provision Crockrom has forfeited his claim.

## CONCLUSION

We have reviewed all of the arguments raised by Crockrom on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 17, 2020 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that the Electronic Banking Services section, unlike the Reporting Problems section, never specifically states that account holders forfeit their claims if they fail to comply with the 60-day notification requirement. However, Crockrom waived any argument relating to the lack of such a forfeiture provision, because he never argued that the failure to comply with the Electronic Banking Services section's 60-day requirement would not lead to forfeiture of his claim, only that the section did not apply.